**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:18-CV-

JOSEPH A. GILL and JANI P. GILL
                Plaintiffs,
vs.

CHRISTOPHER ALLEN WALTZ and
SWIFT TRANSPORTATION CO OF ARIZONA, LLC
                Defendants.

---

**NOTICE OF REMOVAL**

---

Defendant Swift Transportation Co of Arizona, LLC, (incorrectly identified in Plaintiffs' underlying caption as "Swift Transportation Company, LLC") (hereinafter referred to as "Defendant Swift"), through its undersigned counsel, Hall & Evans, LLC, hereby submits the following Notice of Removal of the above-captioned action from the District Court of Denver County, Colorado to the United States District Court for the District of Colorado pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Fed. R. Civ. P. 81(c).[1]

1.      This case is removable pursuant to 28 U.S.C. § 1441 because the United States District Court for the District of Colorado has diversity jurisdiction under 28 U.S.C. § 1441, 1446, and 1332. Federal courts have diversity jurisdiction in lawsuits between citizens of different states where the amount controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

---

[1] In their caption filed in state court, Plaintiffs identity the corporate Defendant as Swift Transportation Company, LLC. This is not the correct corporate entity. In the body of the Complaint, Plaintiffs correctly identify the corporate defendant as Swift Transportation Company of Arizona, LLC.

2.      There is complete diversity of citizenship between Plaintiffs and Defendants. Plaintiffs, Joseph and Jani Gill, are both citizens of Colorado. **EXHIBIT E**, Complaint, at ¶1. *See Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983) ("For purposes of diversity jurisdiction, under 28 U.S.C. § 1332(a)(1), state citizenship is the equivalent of domicile").

3.      Defendant Swift is a citizen of Delaware and Arizona.  Specifically, Swift Transportation Co of Arizona, LLC is a limited liability company whose sole member is Swift Transportation Co., LLC.  In turn, Swift Transportation Co., LLC's sole member is Knight-Swift Transportation Holdings, Inc., a corporation organized under the law of the State of Delaware, with a principal place of business in the State of Arizona. *See Hale v. Mastersoft Int'l Pty., Ltd.*, 93 F. Supp. 2d 1108, 1112 (D. Colo. 2000) ("[A] limited liability company is a citizen of the states of which its members are citizens"); 20 U.S.C. § 1332(c) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business").  In addition, Defendant Christopher Allen Waltz, a former employee of Swift whom has not been served, is a resident and citizen of Michigan.  Therefore, there is complete diversity of citizenship between the parties.

4.      The amount in controversy exceeds $75,000.  In their Complaint, Plaintiffs allege Mr. Gill suffered "serious bodily injuries" caused by an vehiclular accident, leading to "a cervical anterior discectomy fusion with cervically designed metal supports surgically attached to his cervical disks C4-C5, and C6-C7." **EXHIBIT E**, Complaint, at ¶13.[2]  As an example of Plaintiff's alleged injuries and damages, a Medical Payment Detail provided by Mr. Gill's workers' compensation carrier, Pinnacol Assurance, itemizes $627,809.76 in billed medical expenses and

---

[2] Defendant Swift denies Plaintiffs' allegations regarding their alleged damages and injuries.

$57,227.13 in paid medical expenses allegedly related to the incident, as well as $72,991.26 in indemnity payments made by Pinnacol.  In addition to medical expenses, Plaintiffs seeks lost wages, non-economic damages for pain and suffering, damages for permanent impairment, and damages for loss of consortium.  **EXHIBIT E**, Complaint, at p.6, Prayer for Relief.  Furthermore, in the Civil Cover Sheet filed in the Denver County District Court, Plaintiffs state they seek a monetary judgment over $100,000.  **EXHIBIT D**, Civil Cover Sheet.  Therefore, the amount in controversy exceeds $75,000.

5. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being served within thirty days after service on Defendant Swift, who was served on March 5, 2018.  **EXHIBIT F**, Return of Service.

6. A copy of this Notice of Removal will be filed with the Clerk of the Denver County District Court and served upon Plaintiffs' counsel.

7. Pursuant to 28 U.S.C. § 1446(a) and D.C.Colo.LCiv.R. 81.1(b), copies of the following process, pleadings, and orders that were served upon the Defendant or filed in the state court action are attached as follows:

| | |
|---|---|
| **Exhibit A** | Delay Reduction Order |
| **Exhibit B** | Summons |
| **Exhibit C** | Summons |
| **Exhibit D** | Civil Case Cover Sheet |
| **Exhibit E** | Complaint and Jury Demand |
| **Exhibit F** | Return of Service |
| **Exhibit G** | Answer, Affirmative Defenses, and Jury Demand |

**Exhibit H**   State Court Docket Sheet

8.   Defendant Swift has complied with all of the requirements of 28 U.S.C. § 1446 and D.C.Colo.LCivR. 81.1.[3]

Respectfully submitted this 4th day of April, 2018.

                                                /s/ Daniel J. Bristol
                                                Paul T. Yarbrough, 48518
                                                Daniel J. Bristol, 38056
                                                Mamie Ling, 49483
                                                HALL & EVANS, LLC
                                                1001 Seventeenth Street, Suite 300
                                                Denver, Colorado 80202
                                                Tel: (303) 628-3300
                                                Fax: (303) 628-3368
                                                E-Mail: yargroughp@hallevans.com
                                                             bristold@hallevans.com
                                                             lingm@hallevans.com
                                                **Attorneys for Defendant**
                                                **Swift Transportation Co of Arizona, LLC**

*This document is maintained in accordance with C.R.C.P. 121 § 1-26(7)-(9).*

---

[3] Defendant Swift is not required to obtain consent from the non-served Defendant. *Godley v. Valley View State Bank*, Civil Action No. 99-2531-GTV, 2000 U.S. Dist. LEXIS 11076, *3-4 (D. Kan. July 6, 2000) (citing *McShares v. Barry*, 979 F. Supp.1338, 1342 (D. Kan. 1997)).

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of April, 2018, I electronically filed the foregoing Notice of Removal with the Clerk of the Court using the CM/ECF system which will send notification of such filing to parties or counsel registered through ECF. In addition, I hereby certify that I have served via U.S. Mail and electronic mail the forgoing document to the following non-CM/ECF participants:

| | |
|---|---|
| R. Bruce Fickel, #6689<br>343 Mountain Ave. / P.O. Box S<br>Berthoud, Colorado 80513<br>Phone: 970-532-2652<br>FAX: 970-532-2764<br>E-mail: berthoudlegal@gmail.com | Sunita Sharma, #28826<br>Law Offices of Sunita Sharma, LLC<br>345 Mountain Ave. / P.O. Box 524<br>Berthoud, Colorado 80513<br>Phone: 970-344-5135<br>FAX: 970-532-2764<br>E-mail: sunita@sunitasharmalaw.com |

*s/ Laura Buckingham*
Laura Buckingham