| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, COLORADO<br>1437 BANNOCK STREET<br>DENVER, CO 80202<br>(720) 865-8310 | DATE FILED: February 27, 2018 3:28 PM<br>FILING ID: 611E65E0A31F3<br>CASE NUMBER: 2018CV30717 |
| JOSEPH A. GILL and JANI P. GILL<br><br>Plaintiffs<br><br>v.<br><br>CHRISTOPHER ALLEN WALTZ and SWIFT TRANSPORTATION COMPANY, LLC<br><br>Defendants | Δ COURT USE ONLY Δ |
| R. Bruce Fickel, #6689<br>343 Mountain Ave. / P.O. Box S<br>Berthoud, CO 80513<br>Phone Number: 970-532-2652<br>FAX Number: 970-532-2764<br>E-mail: berthoudlegal@gmail.com<br><br>Sunita Sharma, #28826<br>Law Offices of Sunita Sharma, LLC<br>345 Mountain Avenue / P.O. Box 524<br>Berthoud, CO 80513<br>Phone: 970-344-5135<br>FAX Number: 970-532-2764<br>E-mail: sunita@sunitasharmalaw.com | Case No.:<br><br>Division: |
| **COMPLAINT IN TORT AND JURY DEMAND** | |

Plaintiffs, JOSEPH A. GILL and JANI P. GILL, by and through their attorneys, R. Bruce Fickel and Sunita Sharma, state, complain and aver as follows:

## I.  PARTIES

1. Plaintiffs, Joseph A. Gill ("JOSEPH GILL") and Jani P. Gill, ("JANI GILL) are citizens and residents of the state of Colorado, residing at 560 Mt. Massive Street, Berthoud, Colorado 80513.

1

**Exhibit E**

2. Defendant, Christopher Allen Waltz ("CHRISTOPHER WALTZ"), is a resident of the state of Florida, residing at 5616 9th Street, #E, Bradenton, Florida 34203.

3. Defendant, Swift Transportation Company of Arizona, LLC ("SWIFT") is a foreign limited liability company licensed to do business in the state of Colorado with its principal place of business at 2200 S. 75th Avenue, Phoenix, Arizona. The office of its registered agent is with National Registered Agents, Inc., 7700 E. Arapahoe Road, Suite 220, Centennial, Colorado 80112-1268.

4. Upon information and belief, SWIFT was the owner of the commercial vehicle and the employer of CHRISTOPHER WALTZ who was the driver of the commercial vehicle which struck and injured Plaintiff JOSEPH GILL.

## II. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to the Constitution of the State of Colorado, Article VI, Section 9.

6. This Court has personal jurisdiction over the Defendants by virtue of Defendants' operations and presence in Colorado, by their transacting business in or directed at Colorado, by their commission of a tortious act that caused injury and damages in Colorado and/or by otherwise purposefully availing themselves of the benefits and privileges of Colorado law by regular, continuous and systematic contacts with Colorado.

7. Venue is proper in this Court, pursuant to C.R.C.P. 98(c)(1) and (c)(5) because the Plaintiffs reside in Colorado and the accident resulting in injury occurred in Denver County Colorado.

## III. GENERAL ALLEGATIONS

8. On or about December 18, 2015, at approximately 8:17 a.m., Plaintiff, JOSEPH GILL had reported to work and as part of his job duties, was traveling northbound on Interstate 25 approximately at the Alameda intersection when he was involved in a traffic accident (the "Accident").

9. While traveling northbound on I-25, traffic had come to a complete standstill near the Alameda exit. JOSEPH GILL was driving a company vehicle, had come to a stop for nearly thirty seconds before the vehicle which he was operating was hit twice by a large semi truck.

10. Upon information and belief, the semi truck which hit JOSEPH GILL was driven by CHRISTOPHER WALTZ.

11. Upon information and belief, the semi truck which hit JOSEPH GILL was owned and operated by SWIFT.

12. JOSEPH GILL continued to work after the Accident, and after reporting the Accident, went to seek medical attention.

13. As a result of the trauma precipitated by the Accident, JOSEPH GILL sustained serious bodily injuries, including cervical and lumbar strain. JOSEPH GILL ultimately had to undergo a cervical anterior diskectomy fusion with cervically designed metal supports surgically attached to his cervical discs C4-C5, and C6-C7.

14. The Defendant SWIFT, as the employer of the driver CHRISTOPHER WALTZ and as the owner and operator of the vehicle causing the injury is responsible for the negligent actions and inactions of its employees/drivers who are acting within the course and scope of SWIFT'S business.

15. The Defendant SWIFT, as employer of the driver CHRISTOPEHR WALTZ, and as the owner or operator of the vehicle causing the injuries, is responsible for ensuring its drivers follow safety rules and regulations associated with commercial driving. Defendants negligently failed to exercise reasonable care when operating the SWIFT company's vehicle.

16. As a direct and proximate result of the Defendants' negligent actions and inactions, JOSEPH GILL sustained severe injury and bodily trauma.

17. As a direct and proximate result of the Defendants' negligent actions and inactions, JOSEPH GILL has suffered and will continue to suffer damages, including past and future medical and rehabilitation expenses, pain and suffering, loss of enjoyment of life, inconvenience, physical and emotional distress, as well as permanent physical and mental impairment.

## IV. FIRST CLAIM FOR RELIEF
### Negligence

18. Plaintiffs JOSEPH GILL and JANI GILL restate each and every allegation contained in paragraphs 1-16 as if fully set forth herein, and further state as follows:

19. On December 18, 2015, in the city of Denver, County of Denver and state of Colorado, while traveling on I-25, near the Alameda exit, CHRISTOPHER WALTZ, who was acting within the course and scope of the duties assigned to him by SWIFT, did negligently and carelessly operate a company vehicle owned by SWIFT and caused such vehicle to come into a violent collision with the Plaintiff, JOSEPH GILL's automobile.

20. The negligence of the Defendant, CHRISTOPHER WALTZ, is the proximate cause of the injuries to Plaintiff, JOSEPH GILL, including but not limited to:

   a. neck, shoulder, and back pain;
   b. loss of sleep and drowsiness;
   c. a weakness in upper extremities;
   d. loss of mobility in his upper body;
   e. psychological distress and loss of mental well-being;
   f. economic losses as the result of his inability to return to or secure gainful employment or to perform the duties he typically performed at home;
   g. loss of companionship and consortium; and
   h. medical bills and related expenses resulting from injuries sustained in the Accident.

21. It is believed that some or all of the injuries to Plaintiff, JOSEPH GILL, are of a permanent nature, and JOSEPH GILL has suffered and continues to suffer extensive mental anguish and physical pain as the result of said injuries.

22. It is anticipated that Plaintiff, JOSEPH GILL, will continue to suffer from his injuries in the future and may need additional medical, surgical and rehabilitative treatments.

23. Plaintiff, JOSEPH GILL, has suffered economic losses as he has been unable to work since April of 2016. Such economic losses continue at the present time and likely will into the future.

## V. SECOND CLAIM FOR RELIEF
### Negligence per se

24. Plaintiffs, JOSEPH GILL and JANI GILL for their Second Claim for Relief, restate each and every allegation contained in Plaintiffs' First Claim for Relief as if it were fully set forth herein, and further state as follows:

25. Plaintiffs assert that sections of the Municipal Code and Model Traffic Code were violated in the commission of this Accident by the Defendant, CHRISTOPHER WALTZ, thereby causing the Accident which injured JOSEPH GILL.

26. The Defendant, CHRISTOPHER WALTZ, was issued a citation for unsafe lane change by failing to avoid colliding with a vehicle ahead, and such carelessness and/or recklessness was the proximate cause of the Accident wherein Plaintiff, JOSPEH GILL, suffered significant injury, property loss and medical expense.

27. That the aforementioned laws are designed to protect these persons and property of persons with the Plaintiffs' status.

28. Violation of the aforementioned law constitutes negligence *per se.*

## VI. THIRD CLAIM FOR RELIEF
### Loss of Consortium

29. Plaintiffs, JOSEPH GILL and JANI GILL for their Third Claim for Relief, restate each and every allegation contained in Plaintiffs' First and Second Claims for Relief as if they were fully set forth herein, and further state as follows:

30. The negligence of the Defendants, CHRISTOPHER WALTZ and SWIFT has caused Plaintiff, JANI GILL, loss of companionship and consortium as the result of the injuries sustained by Plaintiff, JOSEPH GILL, in the Accident of December 18, 2015.

## VII. FOURTH CLAIM FOR RELIEF
### Respondent Superior

31. Plaintiffs, JOSEPH GILL and JANI GILL, for their Fourth Claim for Relief, restate each and every allegation contained in Plaintiffs' First, Second and Third Claims for Relief as if they were fully set forth herein, and further state as follows:

32. SWIFT and CHRISTOPHER WALTZ enjoyed an employer-principal and employee-agent relationship when the Accident occurred.

33. Defendant, CHRISTOPHER WALTZ, was an employee of SWIFT when the Accident causing injuries to JOSEPH GILL occurred.

34. Defendant, CHRISTOPHER WALTZ, was on duty, under the control of, and performing work for the benefit of SWIFT with the purposes of benefiting SWIFT when the Accident occurred.

35. CHRISTOPHER WALTZ was acting in the scope of his employment when operating the SWIFT semi truck.

36. The Defendant SWIFT is responsible for the negligent actions and inactions of its employees when acting in the course and scope of their employment, and is therefore vicariously liable for the Accident caused by Defendant CHRISTOPHER WALTZ.

## V. FIFTH CLAIM FOR RELIEF
### (Joint and Several Liability)

37. Plaintiffs, JOSEPH GILL and JANI GILL, for their Fourth Claim for Relief, restate each and every allegation contained in Plaintiffs' First through Fourth Claims for Relief as if they were fully set forth herein, and further state as follows:

38. Defendants, and each of them, breached their duty of care to Plaintiffs by their actions or inactions in ensuring that the traffic laws of the state of Colorado were followed in such a manner as not to injure citizens including Plaintiffs.

39. Defendants, and each of them, are jointly and severally liable for the injuries sustained by Plaintiffs including but not limited to, out-of-pocket medical expenses, pain and suffering, loss of enjoyment of life, inconvenience, permanent impairment and emotional distress.

## IX. PRAYER FOR RELIEF

40. Economic damages, including but not limited to, lost wages, present and future earning capacity, past and future medical expenses, and out-of-pocket expenses.

41. Non-economic damages, including but not limited to, pain and suffering, loss of enjoyment of life, inconvenience, mental anguish and emotional distress.

42. Damages for permanent impairment.

43. Damages for loss of consortium.

44. All other compensatory damages caused by Defendants' actions, to be proven at trial.

45. Attorneys fees, costs and expenses of this action as provided for by law.

46. For such other and further relief as the Court deems just and proper.

**PLAINTIFFS REQUEST THAT THIS COURT TRY THIS ACTION TO A JURY.**

Dated: February 27, 2018.

RESPECTFULLY SUBMITTED:

_R. Bruce Fickel_
R. Bruce Fickel, #6689

_Sunita Sharma_
Sunita Sharma, #28826

Address of Plaintiff:
560 Mt. Massive Street
Berthoud, CO 80513

7